GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY (#134180)
MARK S. GREENSTONE (#199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiff*
[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GRACE STOKES, Individually and On Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SENSA PRODUCTS, LLC; and DOES 1-10, Inclusive, <br><br> Defendants. | Case No. : <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Susan Grace Stokes, individually and on behalf of all others similarly situated, alleges the following on information and belief:

## I.      INTRODUCTION

1.      Sensa is a line of weight loss products marketed to the public as a way of losing weight without dieting.  The Sensa product is a is a crystalline substance ("Sensa Products") that consumers are instructed to sprinkle on their food and which will cause them to lose weight.  Sensa is marketed to the public through a variety of means, including television, radio, and print media.  It is also marketed on-site in stores.  Over and over, the public is told that Sensa Products provide significant and proven weight loss benefits, including "Without Dieting." [1]  Sadly, defendant's claims are not true.  Use of Sensa Products without dieting or lifestyle changes  does not lead to weight loss.  Recently, defendant had to pay $26.5 million to FTC in 2014 to settle charges over the Sensa Products.

2.      Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of Florida consumers by Defendant, and to recover the money taken by this unlawful practice.

## II.      THE PARTIES

3.      Plaintiff Susan Grace Stokes is a citizen of Florida and purchased

---

[1] *See* www.sensa.com (last visited May 19, 2014)

and used Defendant's Sensa Products in from 2009 - 2013.   Plaintiff spent approximately $5,000 on Sensa products.  Plaintiff was exposed to and relied on Defendant's representations regarding the weight loss efficacy of the Sensa Products, as detailed herein, and but for those representations, Plaintiff would not have purchased the Sensa Products.  The Sensa Products do not provide the promised benefits.  Had Plaintiff known the truth about Defendant's product at the time of her purchase, she would not have purchased the Sensa Products.  By purchasing the falsely advertised Sensa Products, Plaintiff suffered injury-in-fact and lost money.

4.     Sensa Products, LLC is a Delaware limited liability company with its principal place of business and headquarters at 2301 Rosecrans Avenue, El Segundo, California 90245.  Sensa Products manufacturers, markets, and sells the Sensa Products across the United States.

5.     The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become know.

6.     At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.   Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Sensa Products, LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

## III.   JURISDICTION AND VENUE

7.     This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class is a citizen of a different State than the Defendant.  *See* 28 U.S.C. §1332(d)(2)(A).

8.     This Court also has personal jurisdiction over Defendant because Defendant currently has its principal place of business in this State.

9.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391, because Defendant has its principal place of business in this District and a substantial portion of the events complained of herein occurred in this District.

## IV.   FACTS

10.   The Sensa Products are flavored powders marketed to the public by

defendants as weight-loss products that consumers may use "Without Dieting" to lose weight.[2]  Defendants began selling the Sensa Products to the public in 2008. The persistent theme of Defendants' marketing campaign for the Sensa Products is that by using the Sensa Products, a person may lose weight without changing anything else about their lifestyle. Consumers are told that all they need to do is "sprinkle [Sensa Products], eat, and lose weight."  The unfortunate truth is that nothing is that easy.

## A.    **False Scientific Research**

11.    According to Defendant, the Sensa Products "work[] with your sense of smell and taste to help you feel full faster so you eat less and feel more satisfied."[3]  Defendant further claims that by sprinkling the Sensa Products on a meal, a consumer can "feel full faster without deprivation."  The full feeling caused by the Sensa Products will  "caus[e] you to eat less and lose weight."[4]

12.    To substantiate these fantastic claims, Defendant states that the Sensa Products are "based on over 25 years of scientific research on the science of smell and taste."[5]

---

[2] *Id.*
[3] www.sensa.com/original-sensa (last visited January 7, 2014).
[4] *Id.*
[5] *Id.*

**B.** **False Website Marketing**

13.     Defendants website, www.dm.trysensa.com, states:

- SENSA® helps you feel satisfied from less food without deprivation.

- SENSA helps you kick cravings to the curb.

- TRY IT FREE! 100% SATISFACTION GUARANTEED

- Easy to use as SALT & PEPPER

- LOSE WEIGHT WITHOUT DEPRIVATION.

- Sensa® is based on 25 years of research.

These statements are false and misleading because the promised weight loss gains are impossible without dieting or lifestyle changes.

**C.** **False Blog Testimonials**

14.     Not satisfied with claiming the Sensa Products are based on "25 years" of research, Defendant also touts the results obtained by prior customers. These customers are paid by Sensa to advertise weight loss results. Defendant's blog[6] includes a testimonial from "Fefe" who claims that the Sensa Products helped her lose 70 lbs in 11 months.

15.     However, "Fefe's" weight loss was not the result of only shaking Sensa Products on her meals.  In very small type at the end of the blog, Fefe

---

[6] (blog.trysensa.com/index-php/fefe-lost-70-lbs-in-11-months) (last visited May 9, 2014)

discloses she lost weight by using the Sensa® Inc. sensible diet.  Not only that, Fefe was paid for her testimonial.  Sensa paid "Fefe" to be a professional dieter and promote Sensa Products, but Defendant represents to the public that weight loss results may be achieved "without dieting."  This is false and misleading.

**D.     <u>False Video Promotion Through TV and Internet.</u>**

16.    Defendant markets the Sensa Products through a variety of TV commercials, infomercials, and internet videos on YouTube.  These false video promotions repeatedly state use of the Sensa Products will lead to weight loss without dietary or lifestyle changes.  Plaintiff Saw Defendants' TV advertising and relied on it.

17.    One video on YouTube, "Sensa on the Street,"[7] has an announcer asking purportedly independent consumers participating in a taste-test:  "What if I told you that the pizza on your right by eating it, you could actually lose weight?"  The video has text appearing on-screen stating "Revolutionary Weight Loss System.  When Diet & Exercise Aren't Enough".

18.    Defendants produced another on-line video, entitled "Michelle's Weight Loss Story," repeats the false statements and reinforces the deceptive message.   In this video, someone states "I'm Michelle, from San Juan Capistrano, California, and I lost 40 pounds using Sensa."

---

[7] www.youtube.com/sensaweightloss.

19.    In yet another YouTube video, "How Sensa Works,"[8] a nameless announcer states:

> Announcer: "How does Sensa work?  As you eat, Sensa works with your sense of smell and taste to help stimulate your body's natural hunger control switch.  So one bite triggers your body into thinking that you've eaten more than you have.  Let's say you typically eat four slices of pizza in one sitting.  Now imagine if you could feel full and satisfied from two slices, instead of your usual four.  That might not sound like a major change, but suppose you had pizza for dinner every Friday night.    A typical slice of cheese pizza has approximately 300 calories, so you'd save 31,200 calories in a year.  You simply sprinkle sense on your food to help you feel full faster, curb your appetite, and reduce cravings."

**E.    Celebrity Endorsements**

20.    Defendant has a series of infomercials with a "celebrity endorser," Patti Stanger.  The infomercial contains a question and answer session with the following colloquy:

> Announcer: "What do you say to people that are just like, there is no way that you can tell me that this is all you do [depicting sprinkling the Sensa Products] and you're gonna lose weight?"
>
> Patti Stanger: "I'm sorry, the science is there.  Go online, read Dr. Hirsch's studies.  It is there.  And it works.  You and I are living proof of it working."
>
> Announcer: "Absolutely."
>
> Patti Stanger: "And I don't know why people are waiting.  Pick up the phone.  Call.  Order it.  Try it.  What do you got to lose?

---

[8] http://www.youtube.com/watch?v=ebppfjqHaQ (which has been viewed over 1.4 million times).

**F.     False and Misleading Print Advertisements**

21.    Defendant's print advertisements for its Sensa Products also repeat and reinforce the false and deceptive message of weight loss without dietary or lifestyle changes.  One print advertisement states: "SENSA is clinically proven to help you lose 30 lbs without dieting or spending all your time working out. Just sprinkle on your food, eat and lose weight!"

**G.     Defendant's Marketing Was False and Deceptive.**

22.    Defendant's weight loss promises are false and deceptive.  The Sensa Products do not provide the significant weight loss benefits promised to consumers in the absence of dietary or lifestyle changes.  Whereas one of Defendant's advertisements states "the science is there," the Federal Trade Commission (hereafter "FTC"), has taken the opposite view, stating "the science just isn't there."[9]  Sensa paid $26.5 million to settle with the FTC over false advertising charges in 2014.

23.    As the inventor, manufacturer, and distributor of Sensa Products, Defendant possesses is in a superior position to the public to know whether its

---

[9] *See* Katy Bachman, "Sprinkle, Eat and Pay Up BigTime: Sensa Sheds $26.5 million to Settle FTC Charges," AdWeek Available at http://www.adweek.com/news/advertising-branding/sprinkle-eat-and-pay-big-time-sensa-sheds-265-million-settle-ftc-charges-154781 (last visited May 9, 2014).

Sensa Products work as advertised.  Defendant knew, but failed to disclose, that the Sense Products do not provide the weight loss benefits as advertised.

24.     Defendant's false and deceptive marketing regarding the Sensa were designed to, and did, lead Plaintiff and the Class (defined below) to believe that the Sensa Products could effectively cause weight loss without dietary or lifestyle changes.   Plaintiff and the Class   justifiably relied on Defendant's misrepresentations.  A one-month supply of the Product sells for approximately $59.  In the absence of the misrepresentation plaintiff and the Class would not have paid as much, if at all, for the Sensa Products.

25.     Plaintiff and the Class were further damaged by relying on Defendant's misrepresentations and foregoing other healthy, effective weight loss options.

## **CLASS ACTION ALLEGATIONS**

26.     Plaintiff brings this class action for injunctive relief, restitution, and other equitable and monetary relief on behalf of a class consisting of all persons in the United States who purchased Sensa Products at any time from August 22, 2012 until the present (the "National Class").

27.     Excluded from the National Class are Defendants, any entity in which Defendants have a controlling interest, and Defendant's officers,

directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.

28. Plaintiff also seeks to represent a subclass defined as all purchasers of Sensa Products within the state of Florida (the "Florida Sub-Class") from August 22, 2012 to the present. Excluded from the Florida Sub-Class are Defendants, any entity in which Defendants have a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.

29. There is a well-defined community of interest in the questions of law and fact underlying the claims of each member of the National Class and Florida Sub-Class, and these common questions predominate over any questions that may affect individual members of the National Class and Florida Sub-Class. The common questions of fact and law include, but are not limited, the following:

a. whether information on Defendant's websites concerning Sensa Products was false, deceptive, or misleading;

b. whether representations made on Sensa Products packaging are false, deceptive, and/or misleading;

c.      whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. ("FDUTPA");

d.      whether Defendant defrauded consumers;

e.      whether Sensa Products were materially defective in design and formulation, and unfit for their intended purpose;

f.      whether Defendant breached express and/or implied warranties; and

g.      whether Defendant was unjustly enriched.

30.     Plaintiff's claims are typical of the claims of members of the National Class and Florida Sub-Class.  Plaintiff and all members of the National Class and Florida Sub-Class have been similarly affected by Defendant's common course of conduct.

31.     Plaintiff will fairly and adequately represent and protect the interests of the National Class and Florida Sub-Class.  Plaintiff has retained competent counsel with substantial experience in handling complex class action litigation.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the National Class and Florida Sub-Class.

32.     Certification of this National Class and Florida Sub-Class is appropriate because the questions of law or fact common to the respective members of the National Class and Florida Sub-Class predominate over

questions of law or fact affecting only individual members.  This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims and provides substantial benefits.

33.   Absent a class action, it would be highly unlikely that Plaintiff or any other members of the National Class and Florida Sub-Class would be able to protect their own interests because the cost of litigation through individual lawsuits would exceed their expected recovery.

34.   Certification is also appropriate because Defendant acted or refused to act on grounds generally applicable to the National Class and Florida Sub-Class, thereby making appropriate the relief sought on behalf of the National Class and Florida Sub-Class as a whole.  Further, given the large number of consumers who purchased Sensa Products, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

35.   A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that such individual actions would engender.  The benefits of proceeding as a class

action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

36.     Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

37.     This First Cause of Action is asserted by Plaintiff on behalf of the National Class.

38.     Plaintiff purchased Sensa Products and is in privity with Defendant.

39.     Defendant sold Sensa Products to Plaintiff while knowing that they were defective.

40.     Plaintiff purchased Sensa Products expecting that they would not suffer from material defects.  Plaintiff did not receive the benefit of the bargain in purchasing Sensa Products.

41.     Plaintiff had no notice of or ability to detect the defect to the Sensa Products.  As such, there was a substantial disparity in the parties' bargaining power, and its acceptance of any warranty disclaimers was neither knowing nor voluntary, thereby rendering such limitations unconscionable and ineffective.

42.     Had Plaintiff been aware of the defect in Sensa Products prior to its purchase, she would not have purchased the Sensa Products or at least would have paid less money for them.

43.     Plaintiff has suffered damages as a result of Defendant's breach of implied warranty.

### SECOND CAUSE OF ACTION

### (BREACH OF EXPRESS WARRANTY)

44.     Plaintiff incorporates by reference all the above allegations set forth above as though fully set forth herein.

45.     Plaintiff brings this claim individually and on behalf of the members of the proposed National Class against Defendants.

46.     Plaintiff, and each member of the National, formed a contract with Defendants at the time Plaintiff and the other members of the National Class purchased Sensa.   The terms of that contract include the promises and affirmations of fact made by Defendant in advertisements and the packaging of Sensa as described above.   The materially false and misleading advertising became part of the basis of the bargain between Plaintiff and Defendant and is part of a standardized contract between Plaintiff and the members of the National Class on the one hand, and Defendants on the other.

47.     All conditions precedent to Defendant's liability under this contract

have been performed by Plaintiff and the National Class.  Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the National Class by not providing a product that was scientifically proven to provide the promised weight-loss benefits.

48.    As a result of Defendant's breach of warranty, Plaintiff and the National Class have been damaged.

## THIRD CAUSE OF ACTION

### (VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201, et. Seq.)

49.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth herein.

50.    This cause of action is brought on behalf of the Florida Sub-Class pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (the "Act").  The stated purpose of the Act is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.201(2).

51.    Plaintiff is a consumer as defined by Fla. Stat. § 501.203.  Sensa Products are goods within the meaning of the Act.  Defendant is engaged in trade or commerce within the meaning of the Act.

52.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and lost money as a result of Defendants' actions as set forth herein.  Specifically, Plaintiff purchased Sensa Products in reliance on Defendant's marketing claims on both the product labels and Defendant's websites.  Plaintiff purchased Sensa Products, but it was not of the standard, quality, and grade advertised.

53.     Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of FDUTPA, § 501.201 *et seq*., in that Defendants' actions are unfair, unlawful, and fraudulent and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of FDUTPA, § 501.201 *et seq*.

54.     In advertising and packing Sensa Products, Defendant makes false and misleading statements concerning Sensa Products, and refused to reveal true facts.  Defendant does not have the requisite competent and reliable evidence to support the claims about Sensa Products made in Defendant's advertising and packaging.

55.     Defendant's fraudulent and unfair business practices have caused economic injury to Plaintiff and the Florida Sub-Class.

56.   Defendant's business practices, as alleged herein, are unlawful because they violate the FDUTPA, as set forth herein.

57.   Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.   During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of FDUTPA, § 501.201 *et seq.*, by misrepresenting in its advertising and marketing of Sensa Products to Plaintiff, members of the Florida Sub-Class, and the consuming public that, Sensa Products was effective, safe, and had qualities and characteristics that it did not have.

58.   Each of the aforementioned representations alleged in this Complaint was false and misleading because Sensa Products was not of the standard, quality, or grade advertised.

59.   Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling Sensa Products in a manner likely to deceive the public.

60.   As a direct and proximate result of Defendant's wrongful business practices in violation of FDUTPA, § 501.201 *et seq.*, Plaintiff and members of the Florida Sub-Class have suffered economic injury by losing money as a result of purchasing Sensa Products.   Plaintiff and members of the Florida Sub-Class

would not have purchased or would have paid less for Sensa Products had they known that it was not as represented.

61.     Pursuant to FDUTPA, Plaintiff and the Florida Sub-Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint.  Plaintiff and members of the Florida Sub-Class also seek an order requiring Defendant to make full restitution of all money they wrongfully obtained from Plaintiff and members of the Florida Sub-Class.

## FOURTH CAUSE OF ACTION

### (UNJUST ENRICHMENT)

62.     Plaintiff incorporates by reference all the above allegations as if fully set forth herein.

63.     This Fourth Cause of Action is asserted by Plaintiff on behalf of the National Class under common law.

64.     Plaintiff alleges unjust enrichment in the alternative, to the extent that there are no other adequate remedies at law.

65.     Plaintiff and members of the National Class conferred a benefit on Defendant by purchasing Sensa Products.

66.     Defendant has been unjustly enriched in retaining the revenues derived from National Class members' purchases of Sensa Products, which retention under these circumstances is unjust and inequitable because Defendant misrepresented the facts concerning the qualities and characteristics of the product and caused Plaintiff and the National Class to lose money as a result thereof.

67.     Defendant has benefited and have been unjustly enriched by their wrongful conduct alleged herein.  Defendant sold Sensa Products to Plaintiff and the members of the National Class based upon deceptive conduct, omissions, and misrepresentations as to uses and qualities which Sensa Products does not possess and which Defendant was, and still is, aware that it does not possess.

68.     Defendant has knowledge of this benefit and have voluntarily accepted and retained this benefit.

69.     Plaintiff and members of the National Class suffered a loss of money as a result of Defendant's unjust enrichment because: (a) they would not have purchased Sensa Products on the same terms, if at all, if the true facts concerning Sensa Products had been known; and (b) they paid a price premium due to the false representations about Sensa Products.

70.    The circumstances as described herein are such that it would be inequitable for Defendant to retain these ill-gotten benefits without paying the value thereof to Plaintiff and members of the National Class members.

71.    Plaintiff and members of the National Class members are entitled to the amount of Defendant's ill-gotten gains, including interest, resulting from Defendant's unlawful, unjust, and inequitable conduct as described above.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the National Class and Florida Sub-Class request that the Court enter an order or judgment against Defendants, and each of them as named in the future, as follows:

A.    Certification of the action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and appointment of Plaintiff as a class representative and her counsel of record as class counsel;

B.    Injunctive relief and restitution under the FDUPTA;

C.    Restitution or restitutionary disgorgement as provided for under the implied warranty of merchantability and express breach of contract;

D.    Restitution and appropriate relief under the common law of unjust enrichment;

E.    Attorneys' fees and expenses, including costs for experts; and

F.     Awarding such other and further relief as this Court may deem just and proper, including any extraordinary equitable relief and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict Defendant's assets to ensure that Plaintiff and the members of the National Class and Florida Sub-Class have an effective remedy.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  July 11, 2014           **GLANCY BINKOW & GOLDBERG LLP**

                                By:  _s/ Lionel Z. Glancy_
                                Lionel Z. Glancy
                                Mark S. Greenstone
                                1925 Century Park East
                                Suite 2100
                                Los Angeles, CA  90067
                                Telephone: (310) 201-9150
                                Facsimile: (310) 201-9160
                                info@glancylaw.com

                                **GLANCY BINKOW & GOLDBERG LLP**
                                Brian P. Murray
                                122 East 42nd Street, Suite 2920
                                New York, NY  10168
                                Telephone: (212) 682-5340
                                Facsimile: (212) 884-0988
                                bmurray@glancylaw.com

**CHEFFY PASSIDOMO**
Louis D. D'Agostino
821 Fifth Avenue South
Naples, FL  34102
Telephone: (23) 261-9300
Facsimile: (239) 261-9787

**COLEMAN, YOVANOVICH & KOESTER, P.A.**
Edmond E. Koester
4001 Tamiami Trail N., Suite 300
Naples, FL  34103
Telephone: (239) 435-3535
Facsimile: (239) 435-1218

*Counsel for Plaintiff*